**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
CAROL LILES,                              )
                                          )
            Plaintiff,                    )
                                          )
       v.                                 )
                                          )
REVETAW, INC., d/b/a WATER ISLAND         )   Civil No. 2003-88
FERRY, STEVE RAMPINO, and STEVE           )
SCULLY,                                   )
                                          )
            Defendants.                   )
                                          )
```

APPEARANCES:

**Carol Liles,**
Water Island, U.S.V.I.
    *Pro se plaintiff,*

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For defendants Steve Rampino,*

**Steve Scully**
St. Thomas, U.S.V.I.
    *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

Carol Liles ("Liles") commenced this action against Revetaw, Inc. d/b/a Water Island Ferry ("Revetaw") in May, 2003. The record reflects proof of service of Liles' complaint and summons on Revetaw. Revetaw has not filed an answer to Liles' complaint.

*Liles v. Revetaw, Inc., et al.*
Civil No. 2003-88
Order
Page 2

In October, 2003, Liles filed a request for entry of default on her complaint against Revetaw, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[1]  In February, 2004, the Clerk of the Court entered default against Revetaw.

Now, Liles moves for default judgment against Revetaw pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)(2)").[2]

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).  The entry of a default judgment is largely a matter of judicial discretion, although the United States Court of Appeals for the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference

---

[1] That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

[2] Liles has filed two identical motions for default judgment.  The Court will construe the filings as a single motion.

*Liles v. Revetaw, Inc., et al.*
Civil No. 2003-88
Order
Page 3

that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

In considering a motion for default judgment, the factual allegations in the complaint are treated as conceded by the defendant, except those relating to the amount of damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Indeed, "a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 (8th Cir. 1993). Instead of relying on the allegations in the complaint, the Court must conduct an inquiry to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ."); *see also United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989) (explaining that a default judgment may be entered without an evidentiary hearing on damages so long as the amount of damages is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) ("Damages may be awarded [in a default judgment] only if the record adequately reflects the basis for award via a hearing or a

*Liles v. Revetaw, Inc., et al.*
Civil No. 2003-88
Order
Page 4

demonstration by detailed affidavits establishing the necessary facts." (quotation omitted)).

    In this case, Liles does not seek any specific amount of monetary damages, but rather requests a lien in the amount of $226,978.48 against Revetaw.[3]  The record on which Liles relies for such relief, however, is woefully inadequate.  Indeed, Liles has not offered any evidence in support of her claim.  Rather, she relies on the allegations in the complaint.  That reliance is misplaced. *Cf. Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999) ("At the time [default] judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff . . . .  This was insufficient evidence upon which to enter the amount of the judgment.").

    Accordingly, it is hereby

    **ORDERED** that the motion for default judgment is **DENIED** without prejudice.

                                                    S\_____
                                                    **Curtis V. Gómez**
                                                      **Chief Judge**

---

   [3]  Liles does not identify any specific property of Revetaw's against which she wishes to place a lien.